IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ANTHONY MAURICE WASHINGTON,<br><br>　　　　　Defendant. | Case No. 3:24-CR-29<br><br>**UNITED STATES' RESPONSE TO MOTION FOR FARETTA HEARING (DOC. 96)** |

　　　The United States of America, by Mac Schneider, United States Attorney for the District of North Dakota, and Dawn M. Deitz, Assistant United States Attorney, submits this response to Defendant's motion noting his desire to represent himself at trial. The United States takes no position as to the merits of the request. However, based upon the request, the Court should hold a <u>Faretta</u> hearing as requested by defense counsel at which Defendant can unequivocally assert his right of self-representation, be adequately warned of the pitfalls of such self-representation, and if after such warnings obtain a free and voluntary waiver of his right to representation by counsel for trial. If Defendant waives his right to counsel, the Court in its discretion may consider the appointment of stand-by counsel and should advise Defendant of stand-by counsel's obligations and responsibilities, and of stand-by counsel's limitations.

　　　The Sixth Amendment guarantees a defendant the right to represent himself at trial. <u>Faretta v. California</u>, 422 U.S. 806, 818–21 (1975). "Even though a defendant may conduct his own defense to his detriment by relinquishing the benefits associated with the right to counsel, his choice must be honored." <u>United States v. Turner</u>, 644 F.3d 713, 720

(8th Cir. 2011). If a defendant's request to assert his right to self-representation is clear and unequivocal, a Faretta hearing must follow. Finch v. Payne, 983 F.3d 973, 980 (8th Cir. 2020) (citing United States v. Kelley, 787 F.3d 915, 918 (8th Cir. 2015)).

At a Faretta hearing, and before a defendant may be allowed to exercise his right to self-representation, he must knowingly and voluntarily relinquish his right to counsel. Turner, 644 F.3d at 720–21. "The adequacy of the waiver depends on the particular facts and circumstances of each case, including the background, experience, and conduct of the accused." Id. at 721. Before allowing him to waive his right to counsel, the district court must question the defendant about his knowledge of the right and adequately warn him of the dangers and disadvantages involved in proceeding pro se. Shafer v. Bowersox, 329 F.3d 637, 647–48 (8th Cir. 2003); United States v. Stanley, 891 F.3d 735, 738 (8th Cir. 2018). "Warnings of the pitfalls of proceeding to trial without counsel . . . must be 'rigorous[ly]' conveyed." Iowa v. Tovar, 541 U.S. 77, 89 (2004) (alteration in original), (quoting Patterson v. Illinois, 487 U.S. 285, 298 (1988)). Counsel may be waived if the defendant "knows what he is doing and his choice is made with eyes open." Faretta, 422 U.S. at 835.

The district court must also be satisfied that the defendant is competent to waive the right and stand trial. Turner, 644 F.3d at 721. "A defendant who elects to represent himself cannot thereafter complain that the quality of his own defense amounted to a denial of 'effective assistance of counsel.'" Faretta, 422 U.S. at 834, n. 46; see also United States v. Reed, 668 F.3d 978, 987 (noting that "the competence required is the

2

competence to waive the right, not the competence to represent himself" (internal quotation marks omitted)).

Where a defendant freely and voluntarily waives counsel and chooses to proceed pro se, the district court may, in its discretion, appoint stand-by counsel. United States v. Webster, 84 F.3d 1056, 1063 (8th Cir. 1996). But a defendant has no "absolute right to standby counsel," much less "a right to standby counsel of his own choosing." Id. He has no right to have standby counsel act as co-counsel or perform any particular function at his direction or on his behalf. United States v. Swinney, 970 F.2d 494, 498 (8th Cir. 1992); United States v. Singleton, 107 F.3d 1091, 1100–02. The Court has "broad discretion to guide what, if any, assistance standby, or advisory, counsel may provide to a defendant conducting his own defense." United States v. Lawrence, 161 F.3d 250, 253 (4th Cir. 1998).

The primary role of standby counsel "is to assist the defendant in procedural matters with which he may not be familiar and to facilitate a speedy and efficient trial by avoiding the delays often associated with pro se representation." United States v. Washington, 596 F.3d 926, 934 n.9 (8th Cir. 2010) (quoting United States v. Campbell, 874 F.2d 838, 849 (1st Cir. 1989)). Standby counsel should also be ready "to relieve the judge of the need to explain and enforce basic rules of courtroom protocol or to assist the defendant in overcoming routine obstacles that stand in the way of the defendant's achievement of his own clearly indicated goals," McKaskle v. Wiggins, 465 U.S. 168, 184 (1984), and "to be available to represent the accused in the event that termination of the defendant's self-representation is necessary," Faretta, 422 U.S. at 834 n.46. Standby

3

counsel is not obligated to act as a pro se defendant's co-counsel, junior associate, paralegal, or law clerk, as invaluable as those dedicated professionals are. The limitations on standby counsel do not exist to put the defendant at some disadvantage or to force him to retain counsel. See, e.g., Swinney, 970 F.2d at 498. They are the natural consequence of a defendant's assertion of his right to represent himself.

Even though a defendant has a right of self-representation, it is equally clear that a defendant cannot manipulate this Sixth Amendment right "in order to delay or disrupt his trial." United States v. Conklin, 835 F.3d 800, 804 (8th Cir. 2016). A defendant in a criminal matter has the right to be represented by an attorney or to represent himself or herself, "but a defendant does not have a constitutional right to hybrid representation." United States v. Summage, 575 F.3d 864, 876 (8th Cir. 2009). Therefore, a defendant should be adequately warned of the limitations of stand-by counsel as well.

Dated:  July 19, 2024

                                                MAC SCHNEIDER
                                                United States Attorney

By:   /s/ *Dawn M. Deitz*
       DAWN M. DEITZ
       Assistant United States Attorney
       ND Bar ID 06534
       655 First Avenue North, Suite 250
       Fargo, ND  58102-4932
       (701) 297-7400
       dawn.deitz@usdoj.gov
       Attorney for United States