# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| United States of America, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 3:24-cr-29 |
| vs. ) | |
| ) | **ORDER** |
| Anthony Maurice Washington, ) | |
| ) | |
| Defendant. ) | |

Anthony Maurice Washington, who is charged with multiple controlled substance crimes, expressed a strong desire to represent himself. He made his desire first known when he appeared for an initial appearance in the District of Nevada, (Doc. 38), and he reiterated that desire several times subsequently, (Doc. 66: Doc. 67; Doc. 94; Doc. 95; Doc. 96). On August 15, 2024, in accordance with Faretta v. California, 422 U.S. 806 (1975), the court held a hearing at which Washington, an assistant federal public defender on Washington's behalf, and the United States were present.

Faretta recognized a criminal defendant's right of self-representation, if—after being advised of the dangers and disadvantages of self-representation—the defendant voluntarily, intelligently, and unequivocally elects to waive the right to assistance of counsel. There is no question that Washington is competent to stand trial and has the ability to communicate with his attorney with a reasonable degree of rational understanding, should he choose to do so. Nor is there a question that Washington qualifies for court-appointed counsel. The Federal Public Defender was appointed to represent him, talked with Washington prior to the August 15 hearing, and was present with him throughout that hearing.

According to records in the docket, Washington is 36 years old, is a high school graduate, has no physical illness or disability, and understands the English language. He had been in custody for nearly five months prior to the hearing, and there is no reason to believe he had consumed any substance that might impact his ability to understand the nature and purpose of the August 15 hearing.

During the August 15 hearing, the court engaged in an extensive colloquy with Washington, addressing his familiarity with and understanding of (1) the four charges against him, the statutory minimum and maximum custodial penalties, and financial penalties that could be ordered if he were found guilty of each of the charges; (2) the advisory federal sentencing guidelines; (3) that the trial judge and court staff would be unable to assist him if he represented himself; and (4) the Federal Rules of Evidence and the Federal Rules of Criminal Procedure and that those rules would not be relaxed because of self-representation. Though he did not acknowledge his "understanding" of each of those matters, he confirmed he "comprehended" what the court had said about each topic.

Washington said he had done some study of the law and had represented himself on an earlier federal criminal matter. Court records show he filed a pro se petition for post-conviction relief under 28 U.S.C. § 2255 in the Eastern District of Michigan. United States v. Washington, No. 2:10-cr-20760, Doc. 32 (E.D. Mich. Aug. 6, 2012). And, nearly two years later, he filed a pro se petition for a writ of mandamus in the Sixth Circuit Court of Appeals requesting that the Michigan district court be required to rule on his § 2255 petition.[1] In re Anthony Washington, No. 14-1701, Doc. 1 (6th Cir. June 4, 2014).

---

[1] Five days after Washington filed his petition in the Sixth Circuit, the Eastern District of Michigan granted, in part, Washington's pro se § 2255 petition. The Sixth Circuit ultimately dismissed Washington's pro se request for a writ of mandamus

The court also explained to Washington that, because he is in pretrial custody, his pretrial access to discovery materials would include documents covered by Federal Rule of Criminal Procedure 16, the Jencks Act, and Brady v. Maryland, 373 U.S. 83 (1963). He would not have the same access to the other discovery materials that had been made available to his appointed counsel under a Stipulated Discovery and Protective Order. Additionally, the court explained that his access to legal research resources while in custody would not be as extensive as the legal research resources available to counsel.

After the colloquy, the court told Washington it would be a very bad idea for him to represent himself. But he confirmed his desire to represent himself and stated his decision was fully voluntary, not the result of threats or promises made to him, and not the result of financial concerns.

In courtroom appearances, and in written submissions to the court, Washington has expressed arguments consistent with "sovereign citizen," or "sovereign national" ideology. But, as the Eighth Circuit Court of Appeals recently wrote, "[S]overeign citizen legal arguments are frivolous and likely to distract a jury and perhaps lengthen the trial. . . . Courts have repeatedly concluded that 'sovereign citizens' may represent themselves despite their frivolous beliefs about the law." United States v. Willis, 101 F. 4th 577, 583 (8th Cir. 2024).

The court finds Washington made a knowing and voluntary waiver of his right to counsel. The court advised Washington permission to represent himself could be revoked if he engaged in obstructionist behavior. See id. at 584-85.

---

because he had not paid the filing fee. On June 20, 2014, the Eastern District of Michigan appointed counsel to represent Washington for the purpose of a re-sentencing hearing.

The court finds appointment of standby counsel is warranted and appointed the Federal Public Defender in that capacity. Should Washington make the request, counsel will be appointed to represent him in all aspects of the case.

In light of granting Washington's request for self-representation, the Stipulated Discovery and Protective Order, (Doc. 89), is revoked.

**IT IS SO ORDERED**.

Dated this 20th day of August, 2024.

*/s/ Alice R. Senechal*
Alice R. Senechal
United States Magistrate Judge
