IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| United States of America,       )<br>                                             )<br>           Plaintiff,                )<br>                                             )<br>vs.                                      )<br>                                             )<br>Anthony Maurice Washington, )<br>                                             )<br>           Defendant.            ) | Case No. 3:24-cr-29<br><br>**ORDER** |

During an August 15, 2024 hearing, Anthony Maurice Washington made a knowing and voluntary waiver of his right to representation by counsel. The court therefore allowed Washington to represent himself and appointed standby counsel.

After the court made that decision, the United States requested a standing order providing that the United States not be required to address any motions Washington might file that are based on sovereign citizen ideology. The United States identified Document 100 as being one to which it should not be required to respond. In support of its motion, the United States cited several cases in which courts have described "sovereign citizen" arguments as meritless, frivolous, or having no conceivable validity under American law.

The court has reviewed each of the cases the United States cited, including United States v. Jonassen, 759 F.3d 653 (7th Cir. 2014); United States v. Hardin, 489 F. App'x 984 (8th Cir. 2012); United States v. Sileven, 985 F. 2d 962 (8th Cir. 1993); United States v. Schneider, 910 F.2d 1569 (7th Cir. 1990); United States v. Hart, 701 F.2d 749 (8th Cir. 1983); and United States v. Jagim, 978 F.2d 1031 (8th Cir. 1992). Though certainly critical of the "sovereign citizen" defense, none of the cited cases discuss an order such as the one the United States requests.

In a recent case, after describing a self-represented defendant's legal arguments as frivolous and likely to distract a jury, the Eighth Circuit reiterated, as it had previously explained,

> Defendants have a right to present "unorthodox defenses and argue their theories to the bitter end." United States v. Johnson, 610 F.3d 1138, 1147 (9th Cir. 2010). This may require the trial court to tolerate "numerous nonsensical pleadings," even "occasionally wacky" behavior, so long as the defendant is not disruptive or defiant. Id. at 1144. Repeated, frivolous challenges to the court's jurisdiction, to the government's authority to prosecute, or to the validity of the federal laws defendant is charged with violating, are not disruptive or defiant in this sense -- unless they threaten to forestall pretrial or trial proceedings. The proper judicial response is repeated denials and lesser sanctions if necessary. . . . [D]efendants have the right to represent themselves and go down in flames if they wish[ ], a right the district court [is] required to respect. . . . [P]retrial activity is relevant [to continued *pro se* status] only if it affords a strong indication that the defendant[ ] will disrupt the proceedings in the courtroom.

United States v. Willis, 101 F.4th 577, 583-84 (8th Cir. 2024) (quoting United States v. Smith, 830 F.3d 803 (8th Cir. 2016)).

So, too, Washington has a right to present unorthodox defenses, and just as the court must tolerate them, the prosecution must tolerate them. The court also notes that it could be difficult to categorize a motion as based only on sovereign citizen ideology. The United States' motion for a standing order providing it not be required to address any motions Washington might file that are based on sovereign citizen ideology is **DENIED**.

**IT IS SO ORDERED**.

Dated this 23rd day of August, 2024.

*/s/ Alice R. Senechal*
Alice R. Senechal
United States Magistrate Judge