IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| United States of America, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> Anthony Maurice Washington, ) <br> ) <br> Defendant. ) | Case No. 3:24-cr-29 <br><br> **ORDER** |

On September 12, 2024, defendant Anthony Maurice Washington, who is charged with multiple controlled substance crimes, moved for discovery under Federal Rule of Criminal Procedure 16, a federal statute, and case law.[1] (Doc. 108). Washington requests the following discovery materials:

1. All written, recorded, and oral statements he has made;

2. His prior criminal record;

3. Any photo or drawing of him used for the purpose of identification and the name of any individual asked to identify him;

4. Written, recorded, and oral statements of co-defendants or alleged co-conspirators, which the government alleges are admissible as statements of a co-conspirator;

5. As to witnesses the government intends to call at trial, their names, information that can be used to impeach their trial testimony, their arrest and conviction records, any compensation or other benefit they received in

---

[1] Washington knowingly and voluntarily waived his right to representation by counsel and the court therefore allowed Washington to represent himself and appointed standby counsel. Washington filed his discovery motion pro se.

exchange for their testimony, and any written, recorded, and adopted statements they have made;

6. All information known to the government that is favorable to him that is material to either his guilt or punishment;

7. The names of witnesses granted immunity in exchange for their Grand Jury testimony and the terms of any such immunity agreement;

8. All "deals, understandings, arrangements, assurances, [or] promises between the government, or any other law enforcement agency, and any government witnesses," including, but not limited to, any plea agreement, sentencing recommendation, immunity agreement, pretrial diversion agreement, "inducement, reward[ ], payment, witness fee[ ], and/or monies";

9. Reports concerning any polygraph examination administered to a government witness;

10. Documents, court records, and affidavits related to any arrest or search warrant issued in connection with Washington, any co-defendant, or any alleged co-conspirator; and

11. Any documents or recordings—including, but not limited to, original tapes, transcripts, surveillance logs, warrant documents, recordings of any proceedings, "directives, orders, or memoranda"—concerning any electronic surveillance of Washington or others related to the charges, the means and manner of any such electronic surveillance (e.g., "equipment used," etc.), and the names and "employment relationship" of any individual connected to any such electronic surveillance.

Id. at 2-7 (punctuation altered).

On September 24, 2024, the government responded to Washington's motion, stating only it provided him and stand-by defense counsel with discovery materials that fall within the scope of Rule 16 on September 24. (Doc. 113). The government did not otherwise address Washington's discovery motion. And Washington did not file a reply brief.

## Law and Discussion

A defendant has no a general constitutional right to copies of discovery materials in a criminal case; rather, the government's obligation to disclose discovery materials to a defendant is governed by several authorities: the Federal Rules of Criminal Procedure, federal statutes, and applicable case law. At the defendant's request, Rule 16 requires the government to disclose (1) oral, written, or recorded statements by a defendant; (2) any recorded grand jury testimony of a defendant; (3) a defendant's criminal record; (4) documents and objects in the government's possession, custody, or control that are material to preparation of a defense, intended to be used in the government's case-in-chief, or which belong to or were obtained from a defendant; (5) the results of examinations and scientific tests in the government's possession, custody, control, or knowledge, if the matter is material to preparation of a defense or if the government intends to use it in its case-in-chief; and (6) summaries of opinions of experts the government intends to use in its case-in-chief. Under Rule 16(a)(2), however, the government's opinion work product is shielded from disclosure. United States v. Wirth, Crim. No. 11-256, 2012 WL 1110540, at *4 (D. Minn. April 3, 2012). And the government need not disclose a government witness's statements, except as provided under the Jencks Act, 18 U.S.C. § 3500, or as required under Brady v. Maryland, 373 U.S. 83 (1963). United States v. Sandoval-Rodriguez, 452 F.3d 984, 990 (8th Cir. 2006).

Brady and its progeny establish a defendant's due process right to disclosure of any material evidence that is favorable to a defendant and over which the prosecution team has control. United States v. Graham, 484 F.3d 413, 417 (6th Cir. 2007); Liggins v. Burger, 422 F.3d 642, 655 (8th Cir. 2005). The United States' obligation to disclose exculpatory evidence includes evidence impeaching the credibility of its witnesses. Giglio v. United States, 405 U.S. 150, 154 (1972). Brady's materiality threshold is met if evidence "could reasonably be taken to put the whole case in such a different light as to undermine confidence in the verdict." United States v. Robertson, No. 17-CR-02949-MV-1, 2020 WL 6786186, at *2 (D.N.M. Nov. 18, 2020) (quoting Kyles v. Whitley, 514 U.S. 419, 435 (1995)).

The Jencks Act, 18 U.S.C. § 3500, requires that, <u>after</u> a government witness has testified, the government produce the witness's written statements to the extent the statements relate to the witness's testimony. For purposes of the Jencks Act, written statements include those signed by the witness, substantially verbatim memorializations of the witness's oral statements, and the witness's grand jury testimony. Provisions of the Jencks Act have been incorporated into Federal Rule of Criminal Procedure 26.2.

Based on its response to the motion, the court assumes the government provided Washington (1) relevant written, recorded, and oral statements he has made; (2) his prior criminal record; (3) any photo or drawing used for the purpose of identifying Washington; and (4) any relevant documents and other materials concerning any warrant, including for the purpose of surveillance, related to Washington. If that assumption is not correct, the government is ordered to provide those materials to Washington within ten days of this order.

As to disclosure of identities or statements of government witnesses, which may include co-defendants or alleged co-conspirators, the Jencks Act does not require the government to provide those statements in advance of trial. See United States v. White, 750 F.2d 726, 729 (8th Cir. 1984). As explained by the Eighth Circuit,

> "As a general rule, a defendant in a noncapital case has no right to require disclosure of government witnesses." United States v. DeCoteau, 186 F.3d 1008, 1009 n.2; see also Fed. R. Crim. P. 16(a)(2) ("Nor does this rule authorize the discovery or inspection of statements made by prospective government witnesses except as provided in 18 U.S.C. § 3500 . . . ."). That being said, due process and notions of fair play require the government to disclose all evidence that is "favorable to an accused" and "material either to guilt or to punishment." Brady, 373 U.S. at 87.

Sandoval-Rodriguez, 452 F.3d at 990 (citations altered). Statements by a government witness include a witness's responses on a polygraph examination. United States v. Warren, No. 4:17-CR-00561-CDP-SPM, 2018 WL 5299717, at *3 (E.D. Mo. Aug. 30, 2018). But to the extent any statement, or any other materials concerning any witness, constitutes favorable, exculpatory, or impeachment evidence under Brady or Giglio, the government is required to provide those statements or materials to Washington in advance of trial. To the extent it has not, the government is ordered to provide those materials to Washington within ten days of the date of this order. Those materials may include "Government's witnesses' criminal records and any and all promises or agreements between the Government and its witnesses." See United States v. Lussier, No. 15-cr-79, 2015 WL 13235222, at *3 (D. Minn. May 1, 2015); see also United States v. Welch, No. CR. 09-40029-10, 2010 WL 358094, at *1 (D.S.D. Jan. 28, 2010). Additionally, the government has a continuing duty to promptly provide all Brady/Giglio material that becomes known to the government to Washington, without any request from him.

Washington is not entitled to the names of any witnesses granted immunity in exchange for their Grand Jury testimony or to the terms of any such immunity agreement. In determining whether to disclose such materials, the "relevant inquiry . . . is whether disclosure of the information requested would 'tend to reveal some secret aspect of the grand jury's investigation,'" such as witness identity. Lopez v. Dep't of Justice, 393 F.3d 1345, 1349 (D.C. Cir. 2005) (citation omitted). A Grand Jury witness's identity is generally entitled to protection:

> "It has long been recognized that the proper functioning of our grand jury system depends upon the secrecy of grand jury proceedings. This principle is reflected in Rule 6(e) which establishes a general rule of confidentiality for all matters occurring before the grand jury." United States v. McDougal, 559 F.3d 837, 840 (8th Cir. 2009) (quotation and citation omitted). "Exceptions to the rule of nondisclosure will be made only where there is a 'particularized need.'" United States v. Haire, 103 F.3d 697, 699 (8th Cir. 1996); accord United States v. Broyles, 37 F.3d 1314, 1318 (8th Cir. 1994) ("It is well-established that a showing of 'particularized need' is necessary before the court will accede to such a release.").

United States v. Owens, No. 23-cr-169, 2024 WL 195576, at *4 (D. Minn. Jan. 18, 2024). Because Washington has not asserted a particularized need for the name of any Grand Jury witness or for any immunity agreement made in exchange for any Grand Jury witness's testimony, he is not entitled to that information, unless the government is otherwise required to disclose that information under Brady, Giglio, or any other authority.

Lastly, Washington requests that the government be required to submit for in camera review any materials the government asserts are privileged or otherwise not subject to discovery. Washington's request is denied at this time. To the extent Washington subsequently sufficiently identifies materials he asserts the government has wrongly withheld, he may request an in-camera review of those materials.

## Conclusion

The government asserts, and Washington has not disputed, that it provided evidence encompassed by Rule 16 to Washington on September 24, after Washington filed his discovery motion. To the extent it has not provided those materials, the government is directed to do so within ten days of this order. Washington is not entitled to disclosure of Jencks Act materials prior to trial, which include statements of government witnesses. His motion for disclosure of Jencks Act materials at this time is **DENIED**. Because Washington has not asserted a particularized need for materials that may expose the identity of Grand Jury witnesses, his request as to those materials is **DENIED**. To the extent any of the materials Washington requests are discoverable under some other authority, such as Brady or Giglio, Washington's motion is **GRANTED** and, to the extent it has not provided those materials to Washington, the government is directed to do so within ten days of the date of this order and is reminded of its continuing duty to promptly disclose those materials to Washington, without any additional request by him. Finally, Washington's request for in-camera review of withheld discovery materials is **DENIED** at this time.

**IT IS SO ORDERED**.

Dated this 28th day of October, 2024.

/s/ Alice R. Senechal
Alice R. Senechal
United States Magistrate Judge