IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ANTHONY MAURICE WASHINGTON,<br><br>Defendant. | Case No. 3:24-cr-00029<br><br>**UNITED STATES' RESPONSE TO DEFENDANT'S MOTION TO DISMISS FOR VIOLATION OF THE SIXTH AMENDMENT RIGHT TO A SPEEDY TRIAL AND FEDERAL RULES OF CRIMINAL PROCEDURE 48(B)(3) (DOC. 116)** |

The United States of America, by Mac Schneider, United States Attorney for the District of North Dakota, and Dawn M. Deitz, Assistant United States Attorney, files this response to Defendant's Motion to Dismiss for Violation of the Sixth Amendment Right to Speedy Trial and Federal Rules of Criminal Procedure 48(b)(3). (Doc. 116.) The United States opposes this motion, as Defendant's statutory and constitutional speedy trial rights have not been violated and any delay to trial has been reasonable.

## LEGAL FRAMEWORK

The Sixth Amendment guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy . . . trial." U.S. Const. amend. VI. A criminal defendant's statutory right to a speedy trial is found within the Speedy Trial Act ("the STA"), 18 U.S.C. § 3161, et. seq. This right "attaches at the time of arrest or indictment, whichever comes first, and continues until the trial commences." United States v. Shepard, 462 F.3d 847, 864 (8th Cir. 2006). Pursuant to the STA, a criminal defendant generally has a statutory right to trial within 70 days of the later of his indictment or his first appearance before an officer of the court in which the charge is pending. See 18 U.S.C. § 3161(c)(1);

Shepard, 462 F.3d at 863. However, the STA recognizes that criminal cases vary widely and that there are reasons for greater delay in particular cases. Zedner v. United States, 547 U.S. 489, 797 (2006).

"The right of a speedy trial is necessarily relative" and therefore "is consistent with delays and depends upon circumstances." Barker v. Wingo, 407 U.S. 514, 522 (1972) (quotation omitted). When undertaking a Sixth Amendment speedy trial analysis, courts balance four factors to determine whether a defendant's speedy trial right was violated: "[l]ength of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant." Id. at 530.  None of the four factors are "either a necessary or sufficient  condition to the finding of a deprivation of the right of speedy trial," but rather, "they are related factors and must be considered together with such other circumstances as may be relevant." Id. at 533.  Before engaging in any speedy trial analysis, however, "the defendant must allege the interval between accusation and trial has crossed a line dividing ordinary from presumptively prejudicial delay." United States v. Aldaco, 477 F.3d 1008, 1019 (8th Cir. 2007) (quotations omitted).  The Eighth Circuit has held that a "delay approaching one year may meet the threshold for presumptively prejudicial delay requiring application of the Barker factors." United States v. Jeanetta, 533 F.3d 651, 656 (8th Cir. 2008); see also United States v. Mallett, 751 F.3d 907, 913–14 (8th Cir. 2014) ("assum[ing] the nearly seventeen-month delay between [the defendant's] original indictment and trial was presumptively prejudicial").

Noteworthy as to this case, the STA provides that where multiple defendants are joined for trial and no motion for severance has been granted, the statutory time period

2

does not begin to run until the last codefendant has been indicted or arraigned, and exclusions of time attributable to one defendant apply to all codefendants. See Henderson v. United States, 476 U.S. 321, 323 n. 2 (1986); United States v. Patterson, 140 F.3d 767, 772 (8th Cir. 1998); 18 U.S.C. § 3161(h)(6). In that instance, "all of the defendants are subject to one controlling speedy trial clock and any time periods excluded from the speedy trial calculations for one defendant will be applicable to the other defendants." United States v. Lightfoot, 483 F.3d 876, 886 (8th Cir. 2007) (referencing Patterson, 140 F.3d at 772). This ensures that speedy trial considerations will not hamper the joinder of defendants who have different amounts of time left on their respective speedy trial clocks. Id.

The effect of this provision as it applies to this case is that the STA time period for bringing the defendant to trial has not commenced, nor expired. Not all defendants have appeared before the court at this time. There are four charged defendants in this case. (Doc. 47 – Superseding Indictment.) The original Indictment was returned on February 22, 2024. (Doc. 2.) The Superseding Indictment was returned on April 3, 2024. (Doc. 47.) One of the defendants charged in the original Indictment (defendant # 4 – Cheryse Rayeal Parisien) has not yet appeared.[1]

---

[1] In making his assertions of STA violations, Defendant outlines his arrest and appearance dates as counting against the speedy trial clock. Defendant was arrested and appeared in the District of Nevada on or about March 19, 2024. (Doc. 38.) He appeared in the district where he is charged (i.e., the District of North Dakota) and was arraigned on May 23, 2024. (Doc. 66.) Where a defendant is arrested on an Indictment in a federal district other than where he is charged, the STA's time period for bringing him to trial does not commence until he makes his initial appearance in the district where his charge is pending. See United States v. Grimes, 702 F.3d 460, 465–67 (8th Cir. 2012) (where

Delay in order to allow all defendants who are joined for trial to appear is an automatic exclusion under the STA. See 18 U.S.C. § 3161(h)(6). The only condition upon this delay is reasonableness. Id. The reasonableness of delay is not, as Defendant would suggest, dependent solely upon the efficiency of the government's apprehension of all defendants. And, while the government can and should be diligently pursuing fugitive defendants, that is not the standard by which the Court must judge the reasonableness of any such delay under any approach used by the various courts of the United States.

The Circuit Courts of Appeal have adopted two different approaches to determine whether a period of delay under section 3161(h)(6) is reasonable. The majority of the circuits, including the Fifth, Seventh, Ninth, Tenth, Eleventh, and D.C. Circuits, apply a case-by-case analysis to gauge the reasonableness of a delay. See United States v. Rollins, 544 F.3d 820, 829 (7th Cir. 2008); United States v. Vogl, 374 F.3d 976, 984 (10th Cir. 2004) (citing United States v. Olivo, 69 F.3d 1057, 1061 (10th Cir. 1995), amended by 80 F.3d 1466 (10th Cir. 1996)); United States v. Hall, 181 F.3d 1057, 1062 (9th Cir. 1999); United States v. Franklin, 148 F.3d 451, 457 (5th Cir. 1998); United States v. Davenport, 935 F.2d 1223, 1236 (11th Cir. 1991); United States v. Tobin, 840 F.2d 867, 870 (11th Cir. 1988).

---

defendant arrested in West Virginia but he was charged via indictment in the District of South Dakota, Speedy Trial clock did not commence until defendant's initial appearance in District of South Dakota). Thus, even if Defendant were the last to appear on the case and the speedy trial clock triggers, the time before his appearance in the charging district is not counted against the speedy trial clock.

Thus, depending on the nature of the challenge, the reasonableness of the delay is measured by: (1) the "totality of the circumstances" before trial, including—but not limited to—whether the delay was necessary to achieve its purpose, whether the defendant moved for severance, and whether the defendant was free on bond during the delay; or, (2) the actual prejudice suffered by the defendant as a result of the exclusion under section 3161(h)(6). See United States v. Stephens, 489 F.3d 647, 654 (5th Cir. 2007); United States v. Messer, 197 F.3d 330, 337 (9th Cir. 1999); United States v. Darby, 744 F.2d 1508, 1518–19 (11th Cir. 1984); United States v. Shaw, 510 F. Supp. 2d 148, 151–52 (D.D.C. 2007).

Other circuits—including the Second and the Sixth Circuits—*require* a defendant to move for severance in order to challenge the reasonableness of the delay. See United States v. Cephas, 937 F.2d 816, 822 (2d Cir. 1991) (noting once a defendant's motion for severance is denied, the court must examine the reasonableness of any delay caused by a co-defendant's motion before the time can be excluded as against the complaining defendant); United States v. Vasquez, 918 F.2d 329, 336 (2d Cir. 1990) ("[R]equiring a defendant to make a motion for severance in order to benefit from the reasonableness limitation of [subsection (h)(6)] is justified in light of the specific purpose of [the (h)(6) exclusion] within the overall context of the Speedy Trial Act, which is 'to make sure that [the Act] does not alter the present rules on severance of codefendants by forcing the Government to prosecute the first defendant separately or to be subject to a speedy trial dismissal motion under Section 3162.'") (internal citations and quotations omitted); United States v. Culpepper, 898 F.2d 65, 67–68 (6th Cir. 1990) (noting that where the

defendant failed to move for severance, the defendant could not "seek to evade the requirements of [§ 3161(h)(6)]"); United States v. Byrd, 466 F. Supp. 2d 550, 552 (S.D.N.Y. 2006) (defendant must expressly move for severance to trigger the reasonableness requirement of section 3161(h)(6)). Since filing his Motion to Dismiss, Defendant has filed a Motion to Sever to which the United States will respond to accordingly. However, at this time, no motion to sever has been granted.

If the Court chooses the approach by the majority of the circuit courts, and balances the totality of the circumstances, Defendant cannot succeed. In assessing the totality of the circumstances, the Court may consider a number of factors, to include whether the delay was necessary to achieve its purpose, whether there was any actual prejudice suffered by the defendant, whether the sheer length of delay was so egregious as to call into question its reasonableness, whether the defendant failed to move for a severance or otherwise assert his speedy trial rights, and whether the defendant was free on bond during the delay. See Tobin, 840 F.2d at 870; Franklin, 148 F.3d at 456–57; Davenport, 935 F.2d at 1236; Messer, 197 F.3d at 337–38. These considerations are merely factors to be emphasized, none of which are controlling. Messer, 197 F.3d at 337.

First, the delay to Defendant's trial is, in fact, serving a necessary purpose of the STA, that is, to preserve the possibility of a joint trial of all defendants charged and accommodating the efficient use of prosecutorial and judicial resources in trying multiple defendants in a single trial. See Franklin, 148 F.3d at 457; Tobin, 840 F.2d at 870. To that end, the legislative history of section 3161(h)(6) illustrates a strong congressional preference for joint trials and an intention that delays resulting from the joinder of

6

codefendants be liberally construed. United States v. Dennis, 737 F.2d 617, 621 (7th Cir. 1984). In fact, Congress enacted section 3161(h)(6) in order to avoid multiple trials in cases such as "major narcotics conspiracies," which is precisely the case before the court here. Davenport, 935 F.2d at 1237. This same policy has been adopted by the courts, as there is a strong preference in the federal system for joint trials of defendants who are indicted together. See Zafiro v. United States, 506 U.S. 534, 537 (1993). The delay has not been for any other purpose other than to ensure all defendants are present for one joint trial.

Next, the length of delay in this case has not been so egregious as to call into question its reasonableness. While the case was indicted in February 2024, Defendant did not appear in the charging district on the matter until May 23, 2024. (Doc. 66.)

In addition, Defendant has not shown any prejudice from the delay. A bald assertion that the length of pretrial incarceration has caused prejudice is insufficient. Franklin, 148 F.3d at 458 (exclusive reliance upon the length of pretrial incarceration to establish prejudice is insufficient to render delay unreasonable, especially where defendant never sought severance). As to that ability to mount a defense, Defendant has been provided all discovery materials within the confines of Rule 16 materials.

Based upon an analysis of the totality of these factors, the delay to trial has been reasonable, and the Court should so find, and deny Defendant's statutory speedy trial claim under the STA.

**Constitutional Right to Speedy Trial**

In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial...." U.S. Const. amend. VI. This right "attaches at the time of arrest or indictment, whichever comes first, and continues until the trial commences." United States v. Shepard, 462 F.3d at 864. "The right of a speedy trial is necessarily relative. It is consistent with delays and depends upon circumstances." Barker, 407 U.S. at 522 (quoting Beavers v. Haubert, 198 U.S. 77, 87 (1905)). While Sixth Amendment claims are reviewed separately from the STA, it is *unusual* "to find the Sixth Amendment has been violated when the Speedy Trial Act has not." Shepard, 462 F.3d at 864; Mallett, 751 F.3d at 913.

To trigger a constitutional speedy trial analysis, a defendant must allege the interval between accusation and trial has crossed a line dividing ordinary from presumptively prejudicial delay. Doggett, 505 U.S. at 652; United States v. Titlbach, 339 F.3d 692, 699 (8th Cir. 2003). If such a showing is made, a court will consider, as one factor among several, the extent to which the delay stretches beyond the bare minimum needed to trigger judicial examination of the claim. United States v. Chahia, 544 F.3d 890, 898 (8th Cir. 2008). If the length of delay is not presumptively prejudicial, the court need not even examine the other criteria. Id. How much time may pass before the delay is considered presumptively prejudicial depends on the circumstances of the case. Id. A delay approaching a year may meet the threshold for presumptively prejudicial. Shepard, 462 F.3d at 864. However, even where delay is presumptively prejudicial, that determination merely triggers analysis of other factors. Mallett, 751 F.3d at 914. It is not

dispositive of the claim, nor does it weigh heavily against the government. Rather, the circuits treat these two inquiries as separate. United States v. Oliva, 909 F.3d 1292, 1298 (11th Cir. 2018) (citing Doggett v. United States, 505 U.S. 647, 651–52 (1992); United States v. Villarreal, 613 F.3d 1344, 1350 (11th Cir. 2010).

Courts must then evaluate four factors: (1) length of the delay; (2) reason for the delay; (3) defendant's assertion of speedy trial right; and (4) prejudice to the defendant. Barker, 407 U.S. at 530; see also United States v. Oliva, 909 F.3d 1292, 1298 (11th Cir. 2018). "No single factor is necessary or sufficient to find a deprivation of the right to a speedy trial because the factors are related and must be considered together." United States v. Bikundi, 926 F.3d 761, 779 (D.C. Cir. 2019). Most of the factors have been analyzed above, and the United States reasserts the same as they apply to Defendant's constitutional claim.

In considering the length of delay, the Court must take into account the complexities of the case. The Eighth Circuit Court of Appeals has found that delays much longer than that here are permissible. See, e.g., Mallett, 751 F.3d at 914 (delay of 17 months); United States v. Jenkins-Watts, 574 F.3d 950, 966–67 (8th Cir. 2009) (delay of 18 months); United States v. Summage, 575 F.3d 864, 870, 876 (8th Cir. 2009) (delay over 32 months); United States v. Aldaco, 477 F.3d 1008, 1018–20 (8th Cir. 2007) (delay of 40 months).

As to Defendant's assertion of his right to speedy trial, courts in the Eighth Circuit have not held that a defendant's assertion of his speedy trial right strengthens his case, only that a failure to assert it may weaken his case. See United States v. Soto, No. 5:18-

CR-50050-01-KES, 2021 WL 1176068, at *8 (D.S.D. Mar. 29, 2021), citing <u>United States v. Weber</u>, 479 F.2d 331, 333 (8th Cir. 1973). In other words, the defendant has some responsibility for asserting those rights.

Finally, as noted previously, Defendant has failed to demonstrate any actual prejudice to his defense. His claims are weak and speculative. Accordingly, Defendant has failed to show his constitutional right to a speedy trial has been violated, and this claim should be denied.

Dated: November 8, 2024

                              MAC SCHNEIDER
                              United States Attorney

By:   /s/ *Dawn M. Deitz*
       DAWN M. DEITZ
       Assistant United States Attorney
       ND Bar ID 06534
       655 First Avenue North, Suite 250
       Fargo, ND  58102-4932
       (701) 297-7400
       dawn.deitz@usdoj.gov
       Attorney for United States

## CERTIFICATE OF SERVICE

I hereby certify that on November 8, 2024, the above-named document was filed electronically with the Clerk of Court through ECF, and that ECF will send a Notice of Electronic Filing.

I further certify that a copy of the foregoing documents will be mailed by first class mail, postage paid, to the following non-ECF participant(s):

> Anthony Washington
> Richland County Corrections
> 413 3rd Avenue North
> Wahpeton, ND 58075

Dated: November 8, 2024

                                           /s/ Vicki Thompson
                                           Vicki Thompson
                                           Office of the United States Attorney