IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ANTHONY MAURICE WASHINGTON,<br><br>Defendant. | Case No. 3:24-cr-00029<br><br>**UNITED STATES' RESPONSE TO DEFENDANT'S MOTION FOR SEVERANCE** |

The United States of America, by Mac Schneider, United States Attorney for the District of North Dakota, and Dawn M. Deitz, Assistant United States Attorney, files this response to Defendant's Motion to Sever Pursuant to Federal Rule of Criminal Procedure 14 and Request for Speedy Trial Pursuant to 18 U.S.C. § 3161. (Doc. 117.)

The grant or denial of a motion to sever is left to the sound discretion of the trial court and will not be reversed absent a showing of abuse of discretion that resulted in clear prejudice. United States v. Lawson, 173 F.3d 666, 671 (8th Cir. 1999). Federal Rule of Criminal Procedure 8(b) provides that two or more defendants may be charged in the same indictment "if they are alleged to have participated in the same act or transaction or the same series of acts or transactions constituting an offense or offenses." "In ruling on a motion for severance, a court must weigh the inconvenience and expense of separate trials against the prejudice resulting from a joint trial of co-defendants. To grant a motion for severance, the necessary prejudice must be severe or compelling. This is because a joint trial gives the jury the best perspective on all of the evidence and therefore, increases the likelihood of a correct outcome." United States v. Pherigo, 327 F.3d 690, 693 (8th Cir. 2003). "Persons charged with a conspiracy will generally be tried together, especially where proof of the charges against each of the defendants is based on the same evidence and acts. Rarely, if ever, will it

be improper for co-conspirators to be tried together." United States v. Kime, 99 F.3d 870, 880 (8th Cir. 1996).

Rule 14(a) of the Federal Rules of Criminal Procedure provides "[i]f the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." Fed. R. Crim. P. 14(a). In the federal system, there is a preference for joint trials of defendants who are indicted together. Zafiro v. United States, 506 U.S. 534, 537 (1993). However, "Rule 14 recognizes that joinder, even when proper under Rule 8(b), may prejudice either a defendant or the Government." Id. "Rule 14 leaves the determination of risk of prejudice and any remedy that may be necessary to the sound discretion of the district courts." Id. at 541.

In his motion, Defendant requests the Court sever his case from his codefendants due to one codefendant remaining a fugitive and asserts the delay has resulted in prejudice to him. The original Indictment was returned on February 22, 2024. (Doc. 2.) The Superseding Indictment was returned on April 3, 2024. (Doc. 47.) Defendant was arrested and appeared in the District of Nevada on or about March 19, 2024. (Doc. 38.) He appeared in the district where he is charged (i.e., the District of North Dakota) and was arraigned on May 23, 2024. (Doc. 66.) The passage of time as asserted by Defendant does not result in prejudice as the Eighth Circuit has found delays over a years' time to not be prejudicial to a defendant. United States v. Mallett, 751 F.3d 907, 913–14 (8th Cir. 2014) ("assum[ing] the nearly seventeen-month delay between [the defendant's] original indictment and trial was presumptively prejudicial"); see also id. at 914 (delay of 17 months); United States v. Jenkins-Watts, 574 F.3d 950, 966–67 (8th Cir. 2009) (delay of 18 months); United States v.

2

Summage, 575 F.3d 864, 870, 876 (8th Cir. 2009) (delay over 32 months); United States v. Aldaco, 477 F.3d 1008, 1018–20 (8th Cir. 2007) (delay of 40 months).

While the United States does not believe Defendant can demonstrate prejudice requiring severance, the United States nonetheless requests severance of codefendant Cheryse Rayeal Parisien, as despite ongoing efforts, the United States has been unsuccessful in securing the appearance of Cheryse Rayeal Parisien. Severing Ms. Parisien from her codefendants who have made appearances before this court, to include Anthony Maurice Washington, Robbie Robinson, and Clifford Parisien, would allow the United States to proceed with trial against the defendants who have made appearances, which outnumbers those who remain in fugitive status. Therefore, the United States respectfully requests the Court grant Defendant Anthony Washington's Motion for Severance and issue an order (1) severing the trial of CHERYSE RAYEAL PARISIEN and (2) schedule a jury trial for those who have made appearances before this court, to include Anthony Maurice Washington, Robbie Robinson, and Clifford Parisien.

Dated: November 8, 2024

                              MAC SCHNEIDER
                              United States Attorney

By:    /s/ *Dawn M. Deitz*
        DAWN M. DEITZ
        Assistant United States Attorney
        ND Bar ID 06534
        655 First Avenue North, Suite 250
        Fargo, ND  58102-4932
        (701) 297-7400
        dawn.deitz@usdoj.gov
        Attorney for United States

## CERTIFICATE OF SERVICE

I hereby certify that on November 8, 2024, the above-named document was filed electronically with the Clerk of Court through ECF, and that ECF will send a Notice of Electronic Filing.

I further certify that a copy of the foregoing documents will be mailed by first class mail, postage paid, to the following non-ECF participant(s):

> Anthony Washington
> Richland County Corrections
> 413 3rd Avenue North
> Wahpeton, ND 58075

Dated: November 8, 2024

       /s/ Vicki Thompson
       Vicki Thompson
       Office of the United States Attorney